Hoffman, J., concurring
 

 {¶ 129} I concur in the majority's thorough and well-reasoned analysis of Appellant's assignments of error.
 

 {¶ 130} I write separately only to note my disagreement with our standard of review. The majority applies an abuse of discretion standard of review when we review a decision of a trial court overruling or sustaining objection(s) to a magistrate's decision.
 
 [1]
 
 I believe the standard of review depends upon the nature of the objection made to the trial court. While there may well be times we will apply an abuse of discretion standard, there are other times we may apply a manifest weight of the evidence, sufficiency of the evidence, or even a de novo standard if pure issues of law are involved. This Court should apply the same standard of review we would apply had the trial court heard the matter in the first instance without the use of a magistrate. The fact the trial court independently reviews objection(s) to a magistrate's decision does not necessarily transform our standard of review to the heightened abuse of discretion standard in all instances. (For a more thorough rationale see my dissenting opinion in
 
 Orthopaedic Care, Inc. v. Trans Global Adjusting Corp
 
 . (Nov. 19, 2001), Stark App. No. 2001CA00215,
 
 2001 WL 1512574
 
 .)
 

 In support the majority cites
 
 Kolano v. Kolano
 
 , 5
 
 th
 
 Dist. Tuscarawas No. 2014AP060026,
 
 2015-Ohio-1369
 
 ,
 
 2015 WL 1592694
 
 . I candidly concede I authored that opinion.